IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JESSICA YODER                                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO.: 1:09CV7-D-D

MISSISSIPPI STATE UNIVERSITY                                               DEFENDANT

## OPINION GRANTING MOTION TO DISMISS

Presently before the Court is the Defendant Mississippi State University's motion to dismiss this case for lack of jurisdiction. After reviewing the motion, responses, rules and authorities, the Court makes the following findings:

*Factual and Procedural Background*

Plaintiff, Jessica Yoder, moved to Mississippi in the Summer of 2001 to attend Mississippi State University, and earn her undergraduate degree. Upon completion of her undergraduate program, Plaintiff applied for and was granted admission in August, 2005, to the Mississippi State University College of Veterinary Medicine. As part of the admissions process, Plaintiff signed a contract in which she agreed to pay in-state or out-of-state tuition, as determined by the admissions committee for the duration of her stay in the veterinary school. Plaintiff was classified as an out-of-state student for tuition purposes by Defendant.

Plaintiff married Senior Airman Brian Yoder, an active duty member of the United States Air Force, in March, 2005. Also in March, 2005, Senior Airman Yoder was permanently transferred to Keesler Air Force Base, Mississippi. Shortly afterward, Plaintiff petitioned Defendant for a change in her residency status, based upon her marriage to an active duty service member stationed in Mississippi, pursuant to Miss. Code Ann. § 37-103-19. However, Plaintiff

was denied a change in her classification, and required to pay out-of-state tuition rates. Plaintiff claims to have petitioned Defendant for a change in her residency classification several times throughout her academic career at the veterinary school, each of which was denied. In January 2008, Plaintiff's classification was changed for her final year at the veterinary school. Due to Defendant's alleged erroneous classification of Plaintiff, she asserts she paid approximately $85,000 more in tuition than she would have paid had she been properly classified.

On January 15, 2009, Plaintiff filed suit against Defendant, asserting that MSU violated her Fourteenth Amendment rights to substantive and procedural due process and equal protection. In addition, Plaintiff contends that Defendant violated Mississippi Code Section 37-103-19 and Board of Institutes of Higher Learning, Policy 603.01. Plaintiff seeks a declaratory judgment that the admission contract she signed is null and void as against public policy, fails for lack of consideration and was based on mistake. Plaintiff requests compensatory damages and reasonable attorney's fees.

*Motion to Dismiss Standards*

A motion to dismiss premised on Rule 12(b)(1) attacks the court's jurisdiction to hear and decide any issues in a case. Fed.R.Civ.P. 12(b)(1). However, since the Court is limiting its review to the face of the pleadings, then Rule 12(b)(6) standards apply. To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *accord Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868, 883-85 (May 18, 2009). However, if the assertions made within a complaint, even if true, "'could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397,

401 (5th Cir. 2007) (*citing Twombly*, 550 U.S. at 558, 127 S.Ct.1955) (internal quotation marks omitted)).

*Discussion*

In its motion to dismiss, Mississippi State University asserts it is immune from Plaintiff's tort claims based on the Eleventh Amendment. The United States Supreme Court has recognized that the Eleventh Amendment bars lawsuits against non-consenting States "by private individuals in federal court." *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363; 121 S. Ct. 955, 962 L. Ed. 866 (2001); *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). The immunity granted to a state extends to state agencies and departments considered as "arms of the state." *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Pursuant to Mississippi Code, Mississippi State University is considered as an arm of the State. *See* Miss.Code Ann. § 37-113-3 (2008); *see also Jagnandan v. Giles*, 538 F.2d 1166, 1173-78 (5th Cir. 1976), cert. denied, 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977) (determining that a suit against MSU is a suit against the state as any recovery would come from the state). Therefore, Mississippi State University is not subject to suit under 42 U.S.C. § 1983. Accordingly, Plaintiff's Section 1983 claims are dismissed.

Mississippi State University next asserts that the Eleventh Amendment immunity also bars Plaintiff's state law claims from being brought in federal court. In *Boroujerdi v. Mississippi State University*, this Court, in dismissing state law claims against Mississippi State University, found that The United States Supreme Court "has recently held that federal courts cannot exercise supplemental jurisdiction over state law claims being pursued by private citizens against non-consenting State entities. *Raygor v. Regents of the Univ. of Minnesota*, 534 U.S. 533, 541-

42, 122 S.Ct. 999, 1005, 152 L.Ed.2d 27 (2002)." *Boroujerdi v. Mississippi State University*, 2002 WL 31992185 (N.D. Miss. 2002).

While Section 11-46-5 does contain a general waiver of Mississippi's sovereign immunity, that waiver is limited to actions brought in the state courts of Mississippi. *See* Miss.Code Ann. § 11-46-5(4) (1972; rev. 2002) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). The United States Supreme Court has also held that a State may waive its common law sovereign immunity in state court without waiving its Eleventh Amendment immunity to state law claims brought in federal court. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76, 119 S.Ct. 2219, 2225-26, 144 L.Ed.2d 605 (1999); *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306, 110 S.Ct. 1868, 1873, 109 L.Ed.2d 264 (1990); *see also Magnolia Venture Capital Corp. v. Prudential Securities, Inc.*, 151 F.3d 439, 443-44 (5th Cir.1998). Accordingly, the Court finds that Mississippi State University has not consented to have the Plaintiff's state law claims brought in this court therefore, it cannot exercise jurisdiction over Plaintiff's state law claims. As such, those claims shall be dismissed without prejudice.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 1st day of February, 2010.

_____
Senior Judge

4